IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GELT FINANCIAL CORPORATION | : | CIVIL ACTION |
| | : | NO. 09-4362 |
| v. | : | |
| | : | |
| PERFORMANCE INSURANCE COMPANY OF NEW JERSEY | : | |
| | : | |
| and | : | |
| | : | |
| COSTELLO & ASSOCIATES INSURANCE GROUP, INC. | : | |
| | : | |

MEMORANDUM AND ORDER

Plaintiff brings claims against defendants for breach of contract, bad faith and negligence arising out of defendants' alleged failure to notify plaintiff that insurance coverage on plaintiff's property would be discontinued. This Court's jurisdiction is premised on 28 U.S.C. § 1332.[1] Presently before me is defendant Performance's motion to transfer venue to New Jersey or in the alternative to dismiss. For the following reasons I will grant the motion to transfer venue to New Jersey.

I.   BACKGROUND

Plaintiff is a Pennsylvania corporation with its principal place of business in Huntingdon Valley, Pennsylvania. Compl. ¶ 1. Defendant Performance Insurance Company is a New Jersey Corporation with its principal place of business in Freehold, New Jersey. Compl. ¶ 2. Likewise, defendant Costello & Associates Insurance Group is also a New Jersey corporation with its principal place of business in Lodi, New Jersey. Compl. ¶ 3.

---

[1]   Plaintiff also invokes supplemental jurisdiction under 28 U.S.C. § 1367 but it appears not to apply to these facts.

In April 2007, plaintiff loaned $471,250 to Woodlands International Holdings, L.L.C. Compl. ¶ 6. In return, Woodlands executed a promissory note and mortgage of its Newark property in favor of plaintiff. Id. Shortly thereafter, defendant Performance issued an insurance policy on that property to Woodlands as the "owner and insured." That policy listed plaintiff as the "lender and additional insured." Compl. ¶ 7. Defendant Costello was an insurance agency retained by defendant Performance to manage Woodlands's insurance contract. On April 19, 2007, Woodlands authorized defendant Costello to send plaintiff all notifications pertaining to the policy. Compl. ¶ 11. On July 1, 2007, Woodlands went into default on its note and mortgage. Compl. ¶ 12. Then, on September 28, 2007, defendant Performance issued a cancellation notice to Woodlands but never provided notice of the cancellation to plaintiff. Compl. ¶¶ 13-14. On October 17, 2007, vandals caused $435,720 worth of damage to the property. Compl. ¶ 15. In December 2007, plaintiff obtained a money judgment against Woodlands in the amount of $683,647.39. Compl. ¶ 16. Plaintiff then made a timely claim under the insurance policy, but was informed that it had been cancelled as of September 28, 2007. Compl. ¶ 17. On September 24, 2009, plaintiff filed its complaint in this Court.

II.   DISCUSSION

Defendant argues that venue in this District is improper. Venue in diversity cases is governed by 28 U.S.C. § 1391(a) which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is

subject to personal jurisdiction at the time the action is commenced,
if there is no district in which the action may otherwise be brought.

It is undisputed that both defendants reside in the District of New Jersey. So in order for venue to be proper in the Eastern District of Pennsylvania, I must find that a substantial part of the events or omissions giving rise to plaintiff's claim occurred there.[2] Otherwise, pursuant to 28 U.S.C. § 1406(a), I must transfer the case to New Jersey.[3]

Plaintiff argues that section 1391(a)(2) is satisfied here because the parties entered into the relevant insurance contract in Pennsylvania.[4] Pl.'s Br. Opp. Mot. Transfer Venue 3 (Doc. 6). A contract is formed "in the state in which the last act legally necessary to bring the contract into force takes place. In most cases, this last act is delivery of the policy to the insured <u>and the payment of the first premium by him</u>." J.C. Penney Life Insurance Co. v. Pilosi, 393 F.3d 356, 361 (3d Cir. 2004), emphasis added.[5] Plaintiff argues that "the last act necessary to create plaintiff's interest as an additional insured would have been the delivery of the certificate of insurance to plaintiff's office in Pennsylvania." Pl.'s Br. Opp. Mot. Transfer Venue 2 (Doc. 6).

I disagree. Taking the facts in the complaint as true, it is impossible to say that there was

---

[2] The property at issue in this case was located in New Jersey. Therefore, that cannot provide the basis for allowing venue to lie in this District.

[3] It is clear that the District of New Jersey is an appropriate venue for this case because both defendants reside in New Jersey. Therefore, section 1391(a)(1) is satisfied.

[4] Plaintiff also argues that this Court has personal jurisdiction over defendant Performance. Pl.'s Br. Opp. Mot. Transfer Venue 1 (Doc. 6). Because defendant Performance has not asserted otherwise, I need not address that issue here.

[5] I note that plaintiff's brief quotes J.C. Penney Life Insurance Co. in a misleading fashion. In what clearly amounts to a material omission, plaintiff leaves out the portion emphasized above. The payment of the first premium is critical to the formation of the contract because it provides the insured's consideration for the contract.

a contract formed between plaintiff and defendant Performance because plaintiff never gave any consideration in exchange for the "Certificate of Liability Insurance" that it received. In fact, that certificate plainly states "[t]his certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." Pl.'s Br. Opp. Mot. Transfer Venue 2 (Doc. 6), Certificate of Liability Insurance, Pl.'s Ex. 1.

The relevant insurance contract formed in this case was between Woodlands and defendant Performance. Plaintiff does not allege that it was involved in the negotiation of that contract or that it was responsible for making payments under that contract. It certainly does not allege that the negotiations were carried out or that the payments were made in Pennsylvania. The only contact that defendant Performance–a New Jersey company that is licensed in New Jersey and does business only in New Jersey–had with Pennsylvania was to send informational certificates to plaintiff's office there.[6] Such an insignificant action plainly cannot satisfy section 1391's requirement that venue lie only where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

Because this lawsuit has no substantial connection to the Eastern District of Pennsylvania, I will transfer it to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). Accordingly, I need not consider defendant's arguments in favor of permissive transfer under 28 U.S.C. § 1404(a) or defendant's alternative motion for dismissal.

---

[6] The parties do not agree on exactly what document or documents were sent to plaintiff's office in Pennsylvania. I find that controversy to be irrelevant to the proper disposition of this case. Even taking the allegations in plaintiff's complaint as true (as I must), the mailing of "Evidence of Property Insurance" and a "Certificate of Liability Insurance" is insufficient to satisfy the requirements of section 1391.

AND NOW, this 26th day of October 2009, it is hereby ORDERED that defendant's motion to transfer to New Jersey is GRANTED and this case is TRANSFERRED to the District of New Jersey.  It is further ORDERED that the pretrial conference scheduled for Monday, November 23, 2009 at 11:00 A.M. is CANCELLED.

/s/ THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.